**NOT FOR PUBLICATION**

FILED

MAR 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SONIA B. BACH, | No. 19-17500 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00103-LEK-WRP |
| v. | |
| COMMUNITY TIES OF AMERICA, INC., | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| DOES, John and Jane 1-5; DOE CORPORATIONS, 1-5; DOE PARTNERSHIPS, 1-5; DOE NON-PROFIT ORGANIZATIONS, 1-5; DOE GOVERNMENT AGENCIES, 1-5, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 2, 2021
Honolulu, Hawaii

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Plaintiff-Appellant Sonia Bach ("Bach") filed suit against her former employer, Defendant-Appellee Community Ties of America ("Community Ties"), alleging that her termination was motivated by disability discrimination and retaliation in violation of Haw. Rev. Stat. § 378-2(a)(1)–(2) and the Hawaii Whistleblowers' Protection Act ("HWPA"), Haw. Rev. Stat. § 378-62. The District Court granted summary judgment in favor of Community Ties with regard to all the relevant claims. We have jurisdiction to review under 28 U.S.C. § 1291, and we affirm.

Orders granting summary judgment are reviewed de novo. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). At the summary judgment stage, we apply the familiar *McDonnell Douglas* burden-shifting framework to the discrimination and retaliation claims at issue here. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803 (1973); *see also French v. Haw. Pizza Hut, Inc.*, 99 P.3d 1046, 1054–55 (Haw. 2004) (applying the burden shifting framework to § 378-2 claims); *Crosby v. State Dep't of Budget & Fin.*, 876 P.2d 1300, 1310 (Haw. 1994) (applying the burden shifting framework to HWPA claims).

2

Even assuming that the record contained sufficient facts to support a prima facie showing of discrimination and retaliation for all three claims on the first step of the *McDonnell Douglas* analysis, Bach failed to show that the overwhelming evidence of non-discriminatory and non-retaliatory reasons for her termination were pretextual, at the final step of the *McDonnell Douglas* analysis.

Community Ties provided evidence that it terminated Bach for legitimate and nondiscriminatory reasons after it concluded there were significant deficiencies in Bach's performance and behavior. For example, when Bach's supervisor made quality assurance calls to Bach's clients, thirteen out of thirty-three reported issues with Bach's performance or behavior. Four requested that Bach be reassigned. The client complaints detailed a pattern of behavior that Community Ties determined was unacceptable when compared against the expectations listed in the job description, employee manual, and the company's anti-bullying policy.

To rebut this evidence, Bach provides only two forms of circumstantial evidence to support a showing of pretext. First, Bach argues that the proximate timing of the key chain of events—from her medical leave to probation to termination—raises an inference of impermissible motive, especially because she was terminated less than a week after submitting an accommodation request for her

3

medical condition. Second, Bach argues that Community Ties offered competing and contradictory explanations for why it would need to fire her. During her medical leave, her supervisor stated that Bach would have to be terminated because the company would need to hire a replacement to fill in for her during her extended medical leave. Eventually, however, the company cited performance-related reasons for terminating Bach.

The timing of key events and shifting explanations for employment decisions may, in some instances, give rise to an inference of pretext. *See, e.g., Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 694 (9th Cir. 2017) (temporal proximity); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir. 1996) (shifting explanations). In this case, though, Bach failed to present evidence raising a genuine issue of material fact as to whether she was terminated for legitimate, non-discriminatory reasons.

When Bach went on medical leave, her supervisor had to cover Bach's workload, and in so doing, discovered deficiencies warranting a performance improvement plan. Despite the plan, however, Community Ties continued to receive unsolicited complaints about Bach during the probationary period, right up until Bach's termination. By the time Bach submitted her accommodation request, Bach's final paycheck had already been requested. On this record, no reasonable

4

fact finder could conclude that the proferred reasons for firing Bach were pretextual.

For all of these reasons, we hold that Bach failed to carry her burden on the final phase of the summary judgment analysis, and affirm.

**AFFIRMED.**